## Platinum Corp. v. Blong

C.P. of Fayette County, no. 328 of 1998, G.D.

*Robert V. Campedel,* for plaintiffs.
*F. Christopher Spina,* for defendants.

SOLOMON, *J.,* December 10, 1998—The defendants, Shawna B. Blong, Charles S. Blong, the Sabra Group Inc., and the Blong Group Inc., have filed a motion for protective order to prevent discovery by the plaintiffs of various personal and corporate financial statements and personal and corporate income tax returns.

## DISCUSSION

The Pennsylvania Rules of Civil Procedure allow for liberal discovery. Under our rules, "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Pa.R.C.P. 4003.1(a). Furthermore, "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Pa.R.C.P. 4003.1(b).

However, discovery is not permissible when it "would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party." Pa.R.C.P. 4011(b), and a party seeking to limit discovery may move for a protective order under Pa.R.C.P. 4012. Rule 4012 provides that "[u]pon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance embarrass-

ment, oppression, burden or expense. . . ." Pa.R.C.P. 4012(a).

Instantly, the defendants claim that the plaintiffs' discovery request is the very sort that Rule 4012 was designed to prevent. They assert that the records sought are of a "highly confidential nature" and are not relevant to the lawsuit between the parties. We would note that it is the moving party who bears the burden of proving the necessity of a protective order. *Cipollone v. Liggett Group Inc.,* 106 F.R.D. 573, 583 (1985).

In order to establish the "good cause" required by Rule 4012, the defendants must produce, "at a minimum, some evidence upon which a court can make a determination that harm will result from disclosure. The law is clear that 'the determination of whether good cause does nor does not exist must, be based upon appropriate testimony and other factual data, not the unsupported contentions and conclusions of counsel.' " *Ornsteen v. Bass,* 18 Phila. 328, 331 (1988) Lexis 29, 6 (Oct. 12, 1988), quoting *Davis v. Romney,* 55 F.R.D. 337, 341 (1972); see also, *Chrysler v. Zigray,* 7 D.&C.4th 408 (Lackawanna 1990).

Here, the defendants have failed to meet their burden of proof. While the records in question may be confidential, from the record in this matter, we cannot conclude that they are not relevant to the plaintiffs' suit. In this action, the plaintiffs allege securities fraud, common-law fraud, breach of contract, unjust enrichment and promissory estoppel. The financial statements and income tax returns sought appear relevant to the plaintiffs' various claims, all of which to some extent involve the financial affairs of the defendants. Since there exists a legitimate interest in the discovery being sought, which will enable the plaintiffs to prepare their case for trial, the discovery should go forward. *Chrysler v. Zigray, supra,* 7 D.&C. 4th at 413. Thus, the defendants' argument with respect to relevancy is without merit.

Furthermore, the defendants have not furnished any real evidence that disclosure would result in harm to them. They offer little more than "unsupported contentions and conclusions" that fail to show that good cause exists to prevent disclosure. Apparently the defendants believe that their business *could* be harmed by virtue of the requested information becoming public. However, aside from this speculation, they do not point with any particularity to those documents which might cause such harm or what the harm may be. Moreover, general allegations of competitive harm will not satisfy the good cause needed for a protective order to issue. *Id.* at 412. Given this lack of proof, the defendants simply have not met their burden.

Despite our conclusion, we understand the defendants' desire to maintain the confidentiality of personal financial information. The plaintiffs have indicated their willingness to accept a confidentiality order which would limit disclosure of the information to the parties herein, and we are of the opinion that such an order would be appropriate. Accordingly, we will limit disclosure of the discovery requested to the parties to this matter.

Wherefore, we make the following order.

## ORDER

And now, December 10, 1998, upon consideration of the defendant's motion for protective order, it is ordered and directed that the same shall be, and is, hereby denied.

It is further ordered and directed that the information sought through discovery shall be limited to the records of these particular defendants and shall not be disclosed to any person or entity not a party to this action.